**SO ORDERED.**

**SIGNED this 05 day of May, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

SYLVESTER HAYWARD,

      DEBTOR

CASE NO. 11-02564-8-RDD
CHAPTER 13

### ORDER DENYING MOTION TO EXTEND STAY

The matter before the court is the debtor's motion to extend the automatic stay. Because the motion was filed too late for the court to conduct a hearing, and for creditors and parties in interest to be served, the motion will be denied.

Sylvester Hayward filed a petition for relief under chapter 13 of the Bankruptcy Code on April 1, 2011. A prior case filed by the debtor was dismissed on February 10, 2011. Pursuant to 11 U.S.C. § 362(c)(3), where the debtor has a case pending that was dismissed within the year prior to the filing of the current petition, the automatic stay terminates on the 30th day after the filing of the later case. The court may extend the stay if the debtor shows that the later case was filed in good faith after notice and a *hearing completed* before the expiration of the 30-day period. 11 U.S.C. § 362(c)(3)(B) (emphasis added).

The best practice requires these motions to be filed in conjunction with the petition or within five days of the petition date. Local Rule 4001-1(d) states in part:

> The court may, in its discretion, rule on a motion for continuation or imposition of the automatic stay under 11 U.S.C. § 362(c)(3)(B) and § 362(c)(4)(B) without hearing if:
> (1) the debtor files a motion for continuation of the automatic stay within 5 days of the petition date;
> (2) no objection is filed by a party in interest;
> (3) the motion is accompanied by a notice of motion and the debtor's affidavit with sufficient facts to support the motion; and
> (4) the motion and accompanying documents are timely served on all creditors and the trustee, if one has been appointed, contemporaneous with the filing of the motion.

E.D.N.C. LBR 4001-1(d).

Additionally, the Guide to Service and Notice Requirements in the Administrative Guide, referenced by Local Rule 2002-1(c), provides that a motion to extend the automatic stay should be filed with the petition and a hearing must be scheduled within thirty days of the petition filing date. All parties in interest must be given fourteen days notice of the motion.

This case was filed on April 1, 2011, and the 30-day period expired on May 1, 2011. The motion to extend the automatic stay was filed on April 29, 2011 at 11:45 a.m. Because the court could not conduct and complete a hearing prior to the expiration of the 30-day period and the time for creditors to respond to the motion would not expire until May 13, 2011, the court does not have the authority to extend the automatic stay pursuant to § 362(c)(3)(B). Accordingly, the motion to extend the automatic stay is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**